UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 11-10612-RGS
CRIMINAL ACTION NO. 07-10240-RGS

JOSEPH NOE

v.

UNITED STATES OF AMERICA

MEMORANDUM AND ORDER ON
PETITIONER'S MOTION TO VACATE,
SET ASIDE, OR CORRECT SENTENCE

January 9, 2012

STEARNS, D.J.

Joseph Noe, proceeding *pro se*, brings this petition to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.[1] Noe argues that certain "erroneous information" contained in his Presentence Investigation Report (PSR) has caused the

---

[1] Section 2255 is not a substitute for direct appeal, but rather provides post-conviction relief in four limited instances: "if the petitioner's sentence was (1) imposed in violation of the Constitution, or (2) was imposed by a court that lacked jurisdiction, or (3) exceeded the statutory maximum, or (4) was otherwise subject to collateral attack." *David v. United States*, 134 F.3d 470, 474 (1st Cir. 1998). "The catch-all fourth category includes only assignments of error that reveal 'fundamental defect[s]' which, if uncorrected, will 'result[ ] in a complete miscarriage of justice,' or irregularities that are 'inconsistent with the rudimentary demands of fair procedure.'" *Id.*, quoting *Hill v. United States*, 368 U.S. 424, 428 (1962). In other words, a cognizable Section 2255 claim that does not raise constitutional or jurisdictional issues must reveal "exceptional circumstances" that compel redress. *Id.* The petitioner bears the burden of demonstrating an entitlement to relief. *Mack v. United States*, 635 F.2d 20, 26-27 (1st Cir. 1980).

Federal Bureau of Prisons (BOP) to designate him to a more secure prison setting than is necessary. For the reasons stated in the Government's Opposition, the petition will be DISMISSED. As the Government points out, Noe's challenges to the PSR are not cognizable under 28 U.S.C. § 2255, as they are directed not to the fact of his sentence, but to its execution.[2] Consequently, the proper vehicle (and only) for a sentence challenge is a motion pursuant to 28 U.S.C. § 2241. *See United States v. DiRusso*, 535 F.2d 673, 675 (1st Cir. 1976). As Noe is currently confined at a BOP facility in Allenwood, Pennsylvania, the court lacks jurisdiction over a properly brought petition. *See Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004) (a core habeas petition challenging confinement may be heard only in the district where the prisoner is confined).

ORDER

For the foregoing reasons, Noe's motion to vacate, set aside, or correct his sentence is <u>DENIED</u>. The petition is <u>DISMISSED</u> with prejudice. The Clerk may now close the case.[3]

SO ORDERED.

/s/ Richard G. Stearns

_____
UNITED STATES DISTRICT JUDGE

---

[2] The 151-month sentence was imposed pursuant to a "take it or leave it" joint recommendation of counsel under Fed. R. Crim. P. 11(c)(1)(C).

[3] Any request for the issuance of a Certificate of Appealability pursuant to 28 U.S.C. § 2253 is summarily <u>DENIED</u>, the court seeing no meritorious or substantial basis supporting an appeal.